**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

NICOLE SOULTZ,

        Plaintiff,

        v.

ANDREW SAUL, Commissioner of the
Social Security Administration,

        Defendant.

CAUSE NO.: 1:18-CV-39-TLS

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 37]. The Plaintiff's attorney requests attorney fees in the amount of $12,438.00 pursuant to 42 U.S.C. § 406(b). Pl.'s Mem. 2, ECF No. 38. The Defendant has filed a Response [ECF No. 39] indicating that he does not oppose the Plaintiff's Motion. For the reasons stated below, the Plaintiff's Motion is GRANTED.

## BACKGROUND

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying her application for disability insurance benefits and supplemental security income. On December 12, 2018, the Court granted the Parties' Agreed Motion for Reversal with Remand for Further Administrative Proceedings. ECF No. 26. On January 29, 2019, the Court awarded $10,350.00 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 29.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits, of which twenty-five percent in the amount of $12,438.00 was withheld. *See* Notice of Award 4, ECF No. 37-1. The Plaintiff filed the instant

motion [ECF No. 37], requesting that the Court award Plaintiff's counsel $12,438.00 in attorney fees pursuant to § 406(b). This amount is based on the retainer agreement between the Plaintiff and her attorney [ECF No. 37-2], in which the Plaintiff agreed to pay her attorney twenty-five percent of all past-due benefits for her work. The requested amount of $12,438.00 for § 406(b) fees is based on the twenty-five percent of past-due benefits; and the Plaintiff's attorney requests the Court to order the Commissioner to remit $2,088.00 to her, representing the award, $12,483.00, minus the EAJA fees, $10,350.00. *See* Pl.'s Mem. 3–4, ECF No. 38.

## ANALYSIS

The Plaintiff's counsel requests $12,438.00 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.*. In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The Plaintiff's counsel represents that the proposed fee equals an effective hourly

2

rate of approximately $226 for the combined EAJA and § 406(b) fees. *See* Pl's Mem. 2. Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, 1:16-CV-273, 2020 WL 7334271, \*3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, 18-CV-720, 2020 WL 6484488, at \*1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained benefits for the Plaintiff, after multiple denials by the agency, representing a good outcome.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 37] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $2,088.00, which accounts for the need to offset EAJA fees.

SO ORDERED on January 11, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT